UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GUY MacCLUGAGE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 4:05CV2048 RWS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on a Report and Recommendation that this matter be remanded to the Commissioner of Social Security for further proceedings. Defendant has filed an objection to this recommendation. I find that the Report and Recommendation properly states the applicable law. As a result, this case will be remanded under sentence-four of 42 U.S.C. § 405(g).

This matter was referred to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Judge Blanton issued a Report and Recommendation on January 24, 2007 that recommended that the case be remanded to the Commissioner for further proceedings. Judge Blanton found that the Administrative Law Judge's determination that Plaintiff retained the residual functional capacity to perform a range of sedentary work was not supported by substantial evidence on the record as a whole. Judge Blanton recommended that the case be remanded for a proper assessment of the Plaintiff's functional limitations resulting from his impairments, including obtaining information from Plaintiff's treating physicians and/or obtaining the opinion of a consulting physician as to what level of work, if any, Plaintiff is able to perform.

Judge Blanton also found that the ALJ erred in failing to obtain vocational expert

testimony.

Defendant filed an objection only to Judge Blanton's finding that the ALJ should have further developed the medical record in order to make a proper residual functional capacity determination. Defendant argues that Judge Blanton's report requires an ALJ to elicit specific medical evidence from a doctor "indicating that the claimant can lift certain weight or walk a certain distance and base the RFC finding only upon opinion evidence."

Judge Blanton's report does not mandate such a restrictive approach to reach an RFC determination. It simply finds that although there was a record of claimants numerous visits to doctors, none of the doctors' reports indicated how claimant's impairments affected his ability to function in the workplace. The ALJ seems to have merely read the medical reports and drawn his own inferences regarding the medical aspects of Plaintiff MacClugage's RFC. That is not permissible basis for making an RFC determination. Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000)(An administrative law judge may not draw upon his own inferences from medical reports).

An ALJ has a duty to fully and fairly develop the record, even when the claimant is represented by counsel. Nevland, 204 F.3d at 858 (8th Cir. 2000). A claimant's RFC is a medical question. Id. The relevant evidence in making an RFC determination includes "the medical records, observations of treating physicians and others, and an individual's own descriptions of his limitations." Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005)(internal quotations and citations omitted). The medical evidence, however, must indicate how a claimant's impairments affect his ability to function in the workplace. Hutsell v. Massanari, 259 F.3d 707, 712 (8th Cir. 2001)(citing Lauer v. Apfel, 245 F.3d 700 (8th Cir. 2001); See also Nevland, 204 F.3d at 858. The medical evidence in the present case does not offer any quantifiable information on this requirement.

Under the duty to fully develop the record, the ALJ should have sought opinions from MacClugage's treating physicians about his limitations as a result of his impairments, or, in the alternative, the ALJ should have ordered consultive examinations. See Id., 20 C.F.R. § 416.927(c)(3). Once the ALJ receives these opinions he is then required to consider them as part of the evidence in making his RFC determination. His acceptance or discounting of these opinions should be addressed in his decision.

Defendant reads Judge Blanton's report too narrowly by suggesting that it requires an RFC determination based only on these medical opinions. Although these opinions are one of several factors to be considered, there must be medical opinions regarding a claimant's limitations in the record for the ALJ to consider in reaching a proper RFC determination. Hutsell, 259 F.3d at 712 (some medical evidence must support the RFC determination and the ALJ should obtain medical evidence that addresses a claimant's ability to function in the workplace).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge Blanton is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that**, pursuant to sentence-four of 42 U.S.C. § 405(g), the decision of the Administrative Law Judge is **REVERSED** and the case is **REMANDED** for further proceedings in accordance with the Report and Recommendation.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2007.